1
2
3
4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESTGATE COMMUNICATIONS, LLC, a Washington limited liability company, d/b/a "WEAVTEL,"<br><br>         Plaintiff,<br><br>    v.<br><br>CHELAN COUNTY,<br><br>         Defendant. | NO: CV-08-04-RMP<br><br>ORDER DENYING MOTION TO ALTER JUDGMENT |

Before the Court is the Plaintiff's motion to alter or amend judgment. ECF No. 223. The Court has reviewed the motion, the memoranda in support and opposition, the cited declarations and previously filed materials, the file, and is fully informed.

On March 5, 2012, this Court entered findings of fact and conclusions of law after a bench trial. ECF No. 219. Judgment was entered for the Defendants. The Plaintiff now moves the Court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e).

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 1

A Rule 59(e) motion may be granted on four grounds: "(1) if such a motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

The Plaintiff asserts that this Court committed a manifest error of law or fact and that its findings of fact and conclusions of law lead to manifest injustice because the Court failed to give effect to judicial admissions made by the Defendant during the course of litigation. ECF No. 225 at 1. Specifically, the Plaintiff asserts that the Defendant admitted: (1) that the Federal Emergency Management Agency ("FEMA") floodplain map amendment process is the process by which a person may seek to remove a particular parcel of property from Chelan County's floodplain designation; and (2) that there was no basis to deny Plaintiff's request for a modification of the floodplain at the first re-zone hearing after Plaintiff changed its requested floodplain elevation to conform to the evidence produced at the hearing.

"'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 2

Cir. 1988) (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). In *Lacelaw*, the Ninth Circuit recognized as settled law that "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Id.* (citing *White v. Arco/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983)). The question before the *Lacelaw* court was whether statements in other documents, like briefs and memoranda, could also constitute binding judicial admissions. *Id.* While the panel recognized that there was a split among the circuits about the appropriateness of treating statements in non-pleadings as binding admissions, the panel adopted without elaboration the Tenth Circuit's reasoning that courts have the discretion to treat statements in briefs as binding admissions. *Id.* (citing *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.*, 607 F.2d 885, 906 (10th Cir. 1979)).

In support of its argument that the Defendant judicially admitted that the process for modifying the County's floodplain maps was through FEMA's map amendment procedure, the Plaintiff relies on section 11.84.020 of the Chelan County Code, a declaration by its own witness, Richard Weaver, and a statement contained in Defendant's memorandum filed in support of the Defendant's motion for summary judgment. ECF Nos. 225 at 3-4, 227 at 4.

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 3

Of these sources, only the statement in the memorandum could supply an admission by the Defendant. The Defendant's statement is: "This had the effect of removing it from the floodplain, a problem which WeavTel appeared unable or unwilling to solve through the regular permitting process – involving FEMA." ECF No. 27 at 4. While one can infer from the Defendant's statement that the FEMA map amendment procedure was the appropriate method for modifying Chelan County's floodplain maps, nothing in this statement suggests the Defendant's next contention: that its acquisition of a Conditional Letter of Map Amendment ("CLOMA") was sufficient to effect a modification of the County's floodplain maps. In fact, the affidavit of Brian Frampton, filed by the Defendant contemporaneously with its memorandum, explicitly states that the County disagreed that a CLOMA was sufficient to modify the floodplain designation. ECF No. 31 at 13-14. When the statement Plaintiff has copied from the Defendant's memorandum is placed into context, it does not qualify as a binding admission on behalf of the Defendant.

In support of Plaintiff's argument that the County admitted that it had no basis to deny Plaintiff's request for a modification of the floodplain at the first re-zone hearing after Plaintiff changed its requested floodplain elevation to conform to the evidence produced at the hearing, the Plaintiff relies on a statement in the affidavit of Brian Frampton, and a statement in the Defendant's statement of

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 4

material facts supporting its motion for summary judgment.  ECF Nos. 225 at 5-6, 227 at 6.  In Mr. Frampton's affidavit, he stated: "[D]espite the fact that the permittee's attorney could have amended the height at the hearing, he chose not to.  Despite the fact that all of the evidence necessary to amend the height was provided during testimony by Chuck Steele . . . at the hearing and it was part of the record."  ECF No. 31 at 19.  The applicable portion of the statement of facts reads: "WeavTel could have amended the height at the hearing and the permit would have issued.  However, it did not do so."  ECF No. 28 at 24.

It is now undisputed that Mr. Frampton's statement is false because the Plaintiff did seek to amend the height of its floodplain modification request at the hearing.  Plaintiff challenged the veracity of Mr. Frampton's statement in Plaintiff's memorandum opposing the Defendant's summary judgment motion.  ECF No. 100 at 14-16.  The Plaintiff also sought sanctions based on Mr. Frampton's false statement.  ECF No. 86.  In response to the Plaintiff's filings, the Defendant filed a supplemental affidavit by Mr. Frampton retracting his earlier statement, ECF No. 127 at 2, and the reply memorandum from the County made clear that the County would no longer rely on the statement, ECF No. 126 at 2.  In denying the Plaintiff's motion for sanctions, the Court found that the falsehood was not intentional.  ECF No. 151 at 2-3.  When the Plaintiff called Mr. Frampton to the stand on the first day of the bench trial, the Plaintiff raised the issue of Mr.

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 5

Frampton's false statement in testimony, and the Court considered Mr. Frampton's false statement in determining his credibility. In short, the issue of Mr. Frampton's false statement was thoroughly considered by this Court, and the Court will not find that Mr. Frampton's false statement, nor the statement of fact relying on it, is a binding admission by the Defendant, particularly after the conclusion of the bench trial and the Court's entry of judgment.

The Court rejects Plaintiff's contention that its decision contradicted matters settled by judicial admission. Accordingly, the Court concludes that it has made no error of law or fact and that its decision will not give rise to a manifest injustice.

Therefore, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion to alter or amend judgment, **ECF No. 223**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 8th of June 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 6